GARRETT, J.
hln its rehearing application, the employer contends that this court misapplied the burden of proof and made some inappropriate factual inferences. I disagree with many of the observations made in the application. I also point out some matters that perhaps were not clear from our original opinion, which reached the correct result.
The employer strenuously maintains that the WCJ committed manifest error in her factual findings. The employer basically contends that Mr. Allen’s testimony must be disregarded in its entirety because the employer showed that the coworker, Mr. Williams, was not in the break room with the claimant on August 9, 2013. The WCJ, unfortunately, did not address this issue in her extensive oral reasons for ruling. Nevertheless, she had the opportunity to observe Mr. Allen during his live testimony, obviously found him to be a credible witness, and believed he proved he was bitten by a mosquito while at work, which caused the West Nile virus. The exact date is not critical to the outcome of this case. At the time, the legal significance of the bite would not have been apparent to anyone because the symptoms are delayed. The record reflects that Mr. Allen has experienced some memory impairment as the result of the West Nile virus. He became extremely ill with the devastating illness within the incubation period and recalled very little from his hospital stay. His time records clearly established he worked many hours at Graphic during the week of August 5-9. Coworkers who visited him, either in the hospital or after he was released, testified he told them he had been bitten at work.
Mr. Allen received some short-term disability benefits and was separated from his employment on February 12, 2015, because he was not ^physically able to work. He testified he later qualified for some social security disability benefits. When he eventually filed the disputed workers’ com *1231 pensation claim on July 14, 2014, he alleged the bite occurred “on or about August 9, 2013.” While he may have been mistaken during the trial about the exact date or who was in the break room with him, this does not necessarily mean that he was being untruthful or that the WCJ was obligated to totally disregard his testimony. The WCJ found him to be credible and we must respect that. The result reached by this court in our original opinion is correct and a rehearing is not warranted.